### BARZILLAI C. CAHOON *vs.* JOSEPH HARLOW

A defendant who has voluntarily appeared and submitted to the jurisdiction of a justice of the peace before whom an action against him has been brought, cannot afterwards, when the case has been brought by appeal to the superior court, object to the jurisdiction of the court on the ground that the writ was served upon him and that he lived in another county than that in which it was returnable.

METCALF, J. This is an action by an inhabitant of Barnstable county, brought before a justice of the peace in that county against an inhabitant of Plymouth county, on a note given by the defendant to the plaintiff. The subject matter of the action was, therefore, within the justice's jurisdiction. The writ was directed to the sheriff of Plymouth county, or either of his deputies, &c., and was served by one of his deputies, who attached property of the defendant and gave him a summons for his appearance before the justice. On the return day, March 7th 1863, the defendant appeared, and by agreement of the parties the case was continued to the 14th of said March when the parties had a trial before the justice, who rendered judgment for the defendant. The plaintiff appealed to the superior court, to be held in April following. At the April term of that

court, the defendant filed an answer and went to trial before a jury, who returned a verdict for the plaintiff. The defendant then moved in arrest of judgment, assigning as causes for the motion that " the justice before whom the cause was originally tried had no jurisdiction of the action or of the defendant," and that "this court" (the superior court) " had no jurisdiction of the action or of the party defendant." That motion was overruled, and the question is now brought before us.

A justice of the peace is authorized to hold courts within his county; but no original writ issued by him, unless in an action in which a trustee is summoned, " shall run into any other county than that in which it is returnable, except for the purpose of causing an attachment of property therein." Gen. Sts. c. 120, §§ 1, 6, 7. We strongly incline to the opinion, but need not now decide, that his writ cannot lawfully run into another county, even for the purpose of attaching property, in any case in which he has not, when the writ issues, or when it is served, a right to take jurisdiction of the person of the defendant; that the property of an inhabitant of the county of A. cannot be there attached on a writ issued by a justice in the county of B., unless such inhabitant is found in the latter county, and his person is there subject to the jurisdiction of the justice who issues the writ against him; that the writ in this case was not lawfully directed to the officers of Plymouth county; and that the service thereof was wholly void. But if this be not so, and if the writ was lawfully made to run into Plymouth county, it was, by the statute provision above quoted, solely for the purpose of attaching the defendant's property there, and not for the purpose of summoning him to appear before the justice in Barnstable county. If, therefore, the defendant had not appeared before the justice, or had appeared for the purpose only of denying his jurisdiction, he would have saved all his rights, and any further proceedings of the justice in the case would have been *coram non judice*. *Tilden* v. *Johnson*, 6 Cush. 354. *Brown* v. *Webber*, 6 Cush. 564. *Burlingham* v. *Cole*, 13 Gray, 271. But as he voluntarily appeared and went to trial, he submitted himself to the jurisdiction of the justice, and cannot now deny that

jurisdiction, nor the jurisdiction of the superior court, on the appeal. *Loomis* v. *Wadhams,* 8 Gray, 561. *Briggs* v. *Humphrey,* 1 Allen, 371. *Lawrence* v. *Bassett,* 5 Allen, 140. *Malone* v. *Clark,* 2 Hill, (N. Y.) 657. *Picquet* v. *Swan,* 5 Mason, 43, 44. *Toland* v. *Sprague,* 12 Pet. 300.

*Motion in arrest of judgment overruled.*

*J. K. Hayward,* for the defendant.

*G. Marston & E. S. Whittemore,* for the plaintiff.